BETHANY *v.* STATE.

[87 South. 410, No. 21637.]

LARCENY. *Title to stolen crop when rent reserved therefrom held to be in tenant.*

    The relation of landlord and tenant will be created if the parties to the contract so intend, although the rent reserved is a portion of the crop to be raised on the land, and until a division of the crop is made the title thereto is in the tenant.

APPEAL from circuit court of Panola county.

HON. E. D. DINKINS, Judge.

Dan Bethany was convicted of petty larceny, and he appeals. Affirmed.

*Geo. M. Johnson,* for appellant.

The affidavit alleges sole ownership in Will Powell. The only ownership proven by state in said cause was proven by Will Powell and that ownership was shown to be in Dr. Anderson and Will Powell, Dr. Anderson owning a third interest and Will Powell a two-thirds interest.

This variance was fatal and the defendant should have been sustained in his motion to exclude testimony as shown by record page No. 21. The court has held in *McDowell* v. *State, where* an indictment for larceny lays ownership of the property in one, and the proof shows that it belongs to two, there can be no conviction. 8 So. 508, 68 Miss. 348.

The court held the same rule to apply in embezzlement in the case of *Polkinghorne* v. *State,* reported in 7 So. 347. The above two cases were cited in opinion of court in the case of *Thomas* v. *State,* reported in 60 So. 781, but the court held that if the error complained of was not made a ground for special exception in the trial court, it could not be made in the supreme court.

In this cause motion was made to exclude testimony of state because of the variance of ownership of said property and every opportunity given the state to amend affidavit to conform to the evidence but the court refused to require the state to amend and refused to exclude the testimony of the state and discharge the defendant. Further the defendant came by motion for new trial and the matter of variance was set out and argued to the court but said motion was overruled by the court. Nos. 1-2-4 and 5, grounds of said motion, page 35, record.)

The defendant, Dan Bethany, the appellant now, stands in this attitude. He has been convicted of larceny of Will Powell's property, to-wit: corn. There is possibility that another affidavit charging larceny of same corn but ownership shown to be in Dr. Anderson; further there is a possibility of still another affidavit charging larceny and the ownership shown to be in Anderson and Powell. To either of these affidavits, the defendant could not plead former conviction. Because of this error on the part of the court below, this error being fatal, the defendant was convicted by jury on evidence wholly incompetent and irrelevant.

If this court should hold that this defendant, now appellant, could be convicted on the evidence there intro-

duced on the charge as alleged in the affidavit in said cause, this defendant, now appellant, could not only be placed twice in jeopardy but thrice in jeopardy. This I am sure the court does not desire. Therefore, I most respectfully ask that this cause be reversed and the said defendant, now appellant, be discharged.

*H. Cassidy Holden,* assistant attorney-general, for the state.

Dan Bethany, colored, was tried and convicted on an affidavit, charging petit larceny, in the justice of the peace court. He appealed from this judgment of conviction to the circuit court of Panola county, where at the September, 1920 term, he was convicted and fined twenty-five dollars and sentenced to serve ninety days on the county farm, together with all costs. From this judgment of the circuit court he appeals to this court.

The defendant was charged with stealing a bushel of corn, of the value of two dollars and fifty cents, the personal property of Will Powell. The evidence for the state showed that this corn belonged to Powell and Dr. J. M. Anderson jointly. At the conclusion of the evidence for the state, the defendant moved to exclude the testimony of the state's witnesses and asked that the defendant be discharged. 'This motion was overruled by the court. The ground for the motion was that there was a variance between the affidavit and the proof, in that former charged the defendant with stealing the corn of Will Powell and the latter showed that the stolen corn was the joint property of Powell and Dr. Anderson. No request was made for an amendment of the affidavit, at this juncture. The court simply overruled the motion and the trial proceeded.

This case is submitted in the light of *McDowell* v. *State,* 68 Miss. 348, 9 So. 508; *Polkinghorne* v. *State,* —— So. 347; *Thomas* v. *State,* 60 So. 781.

SMITH, C. J., delivered the opinion of the court.

The appellant was convicted in the court below of stealing one bushel of corn, alleged in the affidavit on which he was tried to have been the property of Will Powell, and the error assigned is that the evidence does not support the verdict, for the reason that it appears from the evidence that the corn stolen was owned by Will Powell and another jointly. The corn was stolen by the appellant from a field on the Hudson place cultivated by Will Powell, and which he had rented from a man by the name of Anderson. In the cross-examination of Will Powell appear the following questions and answers, on which the appellant's contention is based:

"Q. You say you were renting the Hudson place? A. Yes, sir; from Dr. Anderson.

"Q. What rent did you pay, or were you paying Dr. Anderson? A. A third and a fourth.

"Q. Dr. J. M. Anderson owned a third of the corn that was stolen that night? A. Yes, sir."

From this evidence it appears that Powell had rented the land from Anderson and that the rent reserved therefor was a portion of the crop to be raised thereon. Such a contract creates the relation of landlord and tenant, and until a division of the crop is made the title thereto is in the tenant. 8 Am. & Eng. Enc. L. (2 Ed.), 317; 24 Cyc. 1469; 8 R. C. L. 377; *Betts* v. *Ratliff,* 50 Miss. 561; *Doty* v. *Heth,* 52 Miss. 530. The statement of Powell that Anderson owned a third of the crop is therefore not true, and was in fact a mere erroneous conclusion of law.

*Affirmed.*